UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DIGI INTERNATIONAL, INC.,

Plaintiff,

v.

STALLION TECHNOLOGIES, INC.
and STALLION TECHNOLOGIES PTY, LTD.,

Defendants.

CIVIL NO. 00-646 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on July 25, 2000 upon Defendants' Motion to Dismiss or Transfer [Docket No. 6]. David Beehler, Esq. appeared on behalf of Plaintiff; Cary Johnson, Esq. appeared on behalf of Defendants. The matter was referred to the undersigned by Judge David S. Doty for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendants' Motion to Dismiss or Transfer [Docket No. 6] be granted, and that Plaintiff's Complaint [Docket No. 1] be dismissed without prejudice.

**FINDINGS OF FACT/REPORT**

Defendants Stallion Technologies, Inc., a California corporation ("Stallion-CA"), and Stallion Technologies Pty, Ltd., an Australia corporation ("Stallion-AU"), move the Court to dismiss this action because they assert that the Court lacks subject matter jurisdiction over the controversy, and lacks personal jurisdiction over Stallion-AU. Alternatively, Defendants ask that we transfer the case to the Northern District of California, where Defendants have sued Plaintiff for patent infringement.

FILED AUG 09 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

## I. FACTS

In early 1999, Plaintiff received a letter alleging that it was infringing U.S. Patent #4,972,368 ("the '368 patent"). The letter was signed by William E. Kiely, and identified Kiely as President and CEO of Stallion Technologies, Inc. and Stallion Technologies' Group of Worldwide Companies. Maurer Aff., Ex. 2. In the letter, Kiely referred to the '368 patent as the property of Stallion Technologies, Inc., and stated that Stallion Technologies, Inc. was prepared to enforce its patent rights. In fact, Stallion-AU is and was at all relevant times the holder of the '368 patent. Kiely Aff., ¶2.

Talks between Plaintiff and personnel at Stallion-CA about a possible licensing agreement ensued. No terms had been agreed to on March 13, 2000, when counsel for Stallion-CA sent an email to Plaintiff, which stated that his "clients" were becoming impatient and pushing him to take action. Maurer Aff., Ex. 6. On the same day, Plaintiff was copied on an email between Stallion-CA and its counsel, in which Keily wrote that "the board has instructed me to proceed. . . . How soon can we file? . . . The sooner we file the sooner we can gage the actual damages." Maurer Aff., Ex. 7.

Plaintiff instituted this declaratory judgment action the next day. On June 5, 2000, almost three months later, Defendants instituted an infringement action against Plaintiff in the United States District Court for the District of Northern California. Prior to instituting this suit, Plaintiffs did not have any direct communications with Stallion-AU. All allegations of infringement and talk of legal action came from Stallion-CA. No reference was made to Stallion-AU as being the true owner of the patent in any of the communications from Stallion-CA.

Stallion-CA is a fully owned subsidiary of Stallion-AU. Stallion-AU and Stallion-CA each administer a web site, the addresses of which are www.stallion.com and www.stallion.com.au, respectively. The contents of the two web sites are virtually identical. Both refer to Stallion's North American distributors. Maurer Aff., Ex. 22. Each site has an icon which allows the user to flip back and forth between the Australia and North America sites. Maurer Aff., Ex. 21. A prospective buyer can link from either Stallion web site to the web site for a distributor or reseller, and may be able to purchase Stallion products through that other site. Maurer Ex., Aff. 19.

Plaintiff has purchased Stallion products from a distributor in Minnesota. Maurer Aff., Ex. 8. However, according to Defendants, Stallion-AU does not produce products for sale in Minnesota. Kiely Aff., ¶3. At the hearing, defense counsel asserted that all Stallion products shipped and sold within the United States are manufactured here. Plaintiff asserts otherwise, but provides no evidence at all to support its assertion.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating, by a prima facie showing, that personal jurisdiction exists." Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998)(citations omitted). Although the plaintiff bears the ultimate burden of establishing the existence of personal jurisdiction at trial by a preponderance of the evidence, on a motion to dismiss, the plaintiff need only make a prima facie showing. Northrup King Co. v. Compania Productora Semillas Algondoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995)(citations omitted). "For the purposes of a prima facie showing, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's

favor." Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE) Ltd., 89 F.3d 519, 522 (8th Cir. 1996)(citations omitted).

Because the Minnesota long-arm statute extends jurisdiction to the outer limits permitted by the due process clause of the U.S. Constitution, the single issue before the Court is whether the exercise of jurisdiction by this Court would comply with constitutional due process requirements. See Jarvis & Sons v. Freeport Shipbuilding, 966 F.2d 1248, 1249 (8th Cir. 1992). "Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice . . . and if the defendant has sufficient 'minimum contacts' with the forum state." Northrup King, 51 F.3d at 1387 (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)). "The inquiry is whether the non-resident defendant 'has purposefully directed his activities at residents of the form . . . and the litigation results from alleged injuries that arise out of or relate to those activities.'" Northrup King, 51 F.3d at 1387 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

The second part of the due process analysis is focused on fairness: "Once it has been decided that a defendant purposefully established contacts with a forum state, these contacts must be considered in light of other factors to determine whether the assertion of personal jurisdiction would agree with fair play and substantial justice." Minnesota Mining & Manufacturing, Inc. v. Nippon Carbide Indus. Co., 63 F.3d 694, 697 (8th Cir. 1995), cert. denied, 516 U.S. 1184 (1996) (citing International Shoe Co., 326 U.S. at 320). Therefore, "[e]ven if the defendant has purposefully established the necessary 'minimum contacts' within the forum State, consideration of 'fair play and

substantial justice' may nevertheless defeat the reasonableness of jurisdiction." Sybartic, Inc. v. Interport Intern, Inc., 957 F.2d 522, 524 (8th Cir. 1992) (citing Burger King, 471 U.S. at 476-78).

The Eighth Circuit has established five factors to be considered when determining whether a court's exercise of jurisdiction over a non-resident defendant is consistent with due process. Northrup King, 51 F.3d at 1388. They are: "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; and, to a lesser degree, (4) the interests of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Id. (citations omitted). The fourth and fifth considerations are secondary factors in the inquiry. Id.

The Eighth Circuit Court of Appeals has "further elaborated on the third factor -- the relationship of the cause of action to the contacts -- to distinguish between specific and general jurisdiction." Burlington Industries, Inc. v. Maples Industries, Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). "Specific jurisdiction" exists where a court "premises jurisdiction over a defendant upon the relationship of plaintiff's claims and defendant's forum state activities." Zumbro, Inc. v. California Nat'l Prods., 861 F. Supp. 773, 778 (D. Minn. 1994). "Where specific personal jurisdiction over a non-resident is asserted, due process is satisfied if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities." Burlington Indus., 97 F.3d at 1103 (citation omitted). "Conversely, when the plaintiff's claims do not relate to the defendant's forum-state activities, jurisdiction is likely to be improper since the defendant 'has no reason to expect to be haled before [the forum

state's courts].'" Zumbro, 861 F. Supp. at 778 (citation omitted).

The concept of "general jurisdiction" hinges upon a defendant's "'continuous and systematic' contacts with the forum state, regardless whether the plaintiff's claim or claims are related to any of those contacts." Zumbro, 861 F. Supp. at 778. "General jurisdiction refers to the power of a state to adjudicate any cause of action and does not depend on the relationship between the cause of action and the contacts." Burlington Industries, 97 F.3d at 1103. The exercise of general jurisdiction comports with due process concerns "because a defendant whose contacts with the forum state are systematic and continuous should reasonably anticipate being haled into court there, even where the plaintiff's claims 'neither arise out of nor are related to the defendant's contacts with the forum.'" Zumbro, 861 F. Supp. at 778.

## III. DISCUSSION

### A. Personal Jurisdiction over Stallion-AU

Viewing the evidence in the light most favorable to Plaintiff, as we must, we find that Plaintiff has established the following contacts between Stallion-AU and Minnesota: Stallion-AU administers a web site which provides links to and information about North American distributors of Stallion products; Stallion-AU is the owner of the patent Plaintiff is accused of infringing. The alleged acts of infringement occurred in Minnesota; Plaintiff has purchased Stallion products from a distributor in Minnesota.

Plaintiff asks that we infer from these facts that Stallion-AU distributes products and transacts business regularly in Minnesota. However, such an inference is not warranted or supported by the evidence. These facts are not sufficient in themselves, nor in the context of this case, to conclude that Stallion-AU has done business in

Minnesota. See Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997)("In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences.")

Plaintiffs also implicitly ask that we impute Stallion-CA's actions in seeking to enforce the '368 patent to its parent, Stallion-AU, and that we conclude on this basis that Stallion-AU did business in Minnesota. This inference is likewise unwarranted. See Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE) Ltd., 89 F.3d 519, 524 (8th Cir. 1996)(affirming dismissal based on lack of personal jurisdiction, in part because, although Digi-Tel argued that contacts by Proteq's parent company should be imputed to Proteq, it failed "to produce evidence to support the inference that [the parent company's] activities were directed by or primarily for the benefit of Proteq.") In addition, even if we were to impute Stallion-CA's actions to Stallion-AU, we note that letters alleging infringement, sent by a party who is not the holder of the patent, are probably insufficient, standing alone, to establish personal jurisdiction over the patent holder. See Conwed Corp. v. Nortene, S.A., 404 F. Supp. 497, (D. Minn. 1975).

Plaintiff also asks us to find that we may exercise personal jurisdiction over Stallion-AU because of the web site it operates. While it is not possible to order Stallion products directly from the Stallion-AU web site, the site does provide information on (and some links to) distributors and resellers within the United States. However, merely advertising a product over the Internet does not create sufficient contacts with a state to subject a party to personal jurisdiction in that state. Hornell Brewing Co. v. Rosebud Sioux Tribal Court, 133 F.3d 1087, 1093 (8th Cir. 1998). See also Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 417-19 (9th Cir. 1997)("Passive" web sites, where users cannot

exchange information with the host, do not provide a basis for exercising personal jurisdiction. The more commercial activity that may be conducted through a site, the more likely it can serve as the basis for personal jurisdiction.) Moreover, even if a North American user could order products through the Stallion-AU web site, Plaintiff has not made any showing to support the inference that the products bought from North American distributors are shipped from Stallion-AU. It appears that users in the U.S. cannot purchase Stallion-AU products directly through its web site. The existence of the web site does not support the imposition of personal jurisdiction on Stallion-AU.

We are left with contacts between Stallion-AU and Minnesota that are, at the most, attenuated and fortuitous. Plaintiff has not met its burden of making a prima facie showing that personal jurisdiction over Stallion-AU exists in Minnesota. Stallion-AU's extremely limited contacts with the state do not amount to the minimum contacts necessary to satisfy the first prong of the due process test. As such, we need not consider whether the notions of fair play and substantial justice support the exercise of jurisdiction. We recommend that the Complaint be dismissed as against Stallion-AU for lack of personal jurisdiction.

### B. Rule 19

Defendants ask that, if we find the Court lacks jurisdiction over Stallion-AU, we recommend dismissal of the Complaint in its entirety, pursuant to the provisions of Rule 19(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 19(b) provides in pertinent part:

> If a person described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

Defendants argue that Stallion-AU is a "person described in subdivision (a)(1)" of Rule 19 which cannot be made a party, and that "in equity and good conscience the action . . . should be dismissed, [Stallion-AU] being thus regarded as indispensable."

Fed. R. Civ. P. 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, . . ..

We conclude that neither complete relief, nor any relief, can be accorded to Plaintiff in litigation against Stallion-CA seeking a declaration of invalidity or non-infringement concerning a patent which is owned by Stallion-AU. In its pleadings before this Court, Plaintiff does not dispute that Stallion-AU, as the patent holder, is an "indispensable party" to this action under Fed. R. Civ. P. 19(b). As a general rule, the owner of a patent is considered an indispensable party to an action on that patent. Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891); Independent Wireless Telegraph Co. v. Radio Corp. of Amer., 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926); Abbott Laboratories v. Diamedix Corp., 47 F.3d 1128, 1131 (Fed. Cir. 1995). However, if the patent owner licenses the patent to an exclusive licensee, retaining no rights for itself, the patent owner may not be an indispensable party to an action on the patent. See Abbott, 47 F3d 1128; Compare Chamfer Engineering, Inc. v. Tapco Int'l, Inc., 82 F.R.D. 33 (D. Minn. 1979), with Procter & Gamble Co. v. Paragon Trade Brands, Inc., 917 F. Supp. 305, 308 n. 3 (D. Del. 1995).

Stallion-AU owns the '368 patent, not Stallion-CA. Plaintiff has not provided the Court with any evidence to indicate that Stallion-AU has assigned all, or even any of

its rights under the '368 patent to Stallion-CA. Stallion-AU is an "indispensable party" to this action as described in Rule 19(a)(1) and (b). We have concluded that the District Court for the District of Minnesota does not have jurisdiction over Stallion-AU. It follows from these conclusions that the entire case should be dismissed pursuant to the provisions of Rule 19(b).

## RECOMMENDATION

We recommend that the Motion of Stallion Technologies PTY, LTD. to dismiss be granted on the grounds that this Court does not have personal jurisdiction over it. We recommend that since Stallion-AU is an "indispensable party" which cannot be made a party, the balance of the action should also be dismissed without prejudice. Having come to this conclusion, we need not address Defendants' alternative grounds for dismissal, or their request that the action be transferred.

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss or Transfer [Docket No. 6] be granted, and that Plaintiff's Complaint [Docket No. 1] be dismissed without prejudice.

Dated: August 9, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before August 23, 2000 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before August 23, 2000.